Filed 8/17/20  P. v. McCoy CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C089978 |
| Plaintiff and Respondent, | (Super. Ct. No. 78299) |
| v. | |
| AARON DESHAWN MCCOY, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Aaron Deshawn McCoy filed an opening brief setting forth the facts of the case and asking this court to review the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  After reviewing the entire record, we affirm the trial court's postjudgment order.

BACKGROUND

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

1

Following a jury trial, defendant was found guilty of several crimes including second degree murder (Pen. Code, § 187)[1] with a gun enhancement (§ 12022.5). The facts underlying defendant's convictions are described in *People v. McCoy* (June 20, 1989, C002612) [nonpub. opn.], and we need not recount them in detail here. Suffice it to say that following an exchange of words at an intersection, defendant shot his victim in the neck, killing him. The trial court sentenced defendant to an aggregate term of 24 years to life in state prison. On appeal, this court affirmed the judgment. (*People v. McCoy, supra,* C002612.)

On January 9, 2019, defendant filed a petition for resentencing under newly enacted section 1170.95. The Legislature enacted and the Governor signed Senate Bill No. 1437 (2017-2018 Reg. Sess.), effective January 1, 2019 (Stats. 2018, ch. 1015, § 4), determining that the change in law was " 'necessary to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' " (*People v. Superior Court (Gooden)* (2019) 42 Cal.App.5th 270, 275.) As pertinent here, Senate Bill No. 1437 added section 1170.95, which permits a person convicted of felony murder or murder under a natural and probable consequences theory to petition the sentencing court to vacate the murder conviction and resentence the person on any remaining counts if, among other things, the petitioner could not be convicted of first or second degree murder due to the change in the law. (§ 1170.95, subd. (a).)

In the form petition, defendant asserted he was prosecuted and convicted of murder on a theory of felony murder or murder under the natural and probable

---

[1] Undesignated statutory references are to the Penal Code.

consequences doctrine. He further asserts he could not now be convicted of murder because of the amendments to sections 188 and 189, which went into effect on January 1, 2019. He also requested appointment of counsel. The trial court appointed counsel to represent defendant and held a hearing on his petition.

At the conclusion of the hearing on defendant's petition, the trial court agreed with counsel that based on defendant's own admission at trial, defendant was the actual killer, and was therefore ineligible for release under the newly enacted statute. Accordingly, the court denied the petition.

Defendant again appeals.

## DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts and procedural history of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende*, *supra*, 25 Cal.3d 436.)

Whether the protections afforded by *Wende* and the United States Supreme Court decision in *Anders v. California* (1967) 386 U.S. 738 [18 L.Ed.2d 493] apply to an appeal from an order denying a petition brought pursuant to section 1170.95 remains an open question. The California Supreme Court has not addressed the issue. The *Anders/Wende* procedures address appointed counsel's representation of an indigent criminal defendant in the first appeal as a matter of right and courts have been reticent to expand their application to other proceedings or appeals. (See, e.g., *Pennsylvania v. Finley* (1987) 481 U.S. 551 [95 L.Ed.2d 539]; *Conservatorship of Ben C.* (2007) 40 Cal.4th 529.)

Nevertheless, in the absence of California Supreme Court authority to the contrary, we adhere to *Wende* in the present case where counsel has already undertaken to comply with *Wende* requirements.

Defendant was advised by counsel of his right to file a supplemental brief. Defendant filed a supplemental brief asserting the trial court's decision was in error. He

3

does not, however, raise a colorable claim. Rather, defendant says only that he "has been incarcerated now 33 years, for what at worse case scenario amounted to a manslaughter."

Along with his supplemental brief, defendant filed a request for judicial notice, asking this court to "conjoin writ of habeas corpus with supplemental opening brief." We denied his request.[2]

Having undertaken an examination of the entire record pursuant to *Wende*, we find no arguable error that would result in a disposition more favorable to defendant. Accordingly, we affirm the trial court's postjudgment order.

DISPOSITION

The trial court's order denying the section 1170.95 petition is affirmed.

/s/_____
BLEASE, Acting P. J.

We concur:

/s/_____
MURRAY, J.

/s/_____
KRAUSE, J.

---

**2** Defendant's writ of habeas corpus was filed separately in this court as case No. C091026.